

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXX~~SON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Mr. Guinn:

Opinion No. O-2547
Re: Right of an independent school
district to vote bonds for the
purpose of constructing a water
supply system for a public free
school building.

     This will acknowledge receipt of your letter of July 15, 1940, in which you propound to this department for a legal opinion the following question:

"The one question involved is whether or not the voting of bonds for a water supply system for a Public Free School Building falls within the meaning of 'for the purchase, construction, repair or equipment of a Public Free School Building.'"

     The contemplated water supply system is for the benefit of an independent school district school building.

     It is the opinion of this department that your question should be answered in the affirmative.

     The statutory authority for the issuance of bonds by an independent school district is found in Article 2784 of the Revised Civil Statutes at subdivision 2, which authorizes the issuance of bonds "for the purchase, construction, repair or equipment of public free school buildings within the limits of such district * * * *."

     The question resolves itself to this: Is the construction of a water supply system for use in connection with a public school building "an equipment" of such school building?

     An equipment of a building means any appurtenant, appendage, or fixture which is attached to, or immediately accessible to the building, suitable to, and intended for use in the enjoyment of the building for the purpose for which it was constructed.

It is matter of common knowledge that every public building (or building whatsoever intended for human habitation) must be suitably furnished with piping and other fixtures for supplying water to the occupants thereof. Undoubtedly, such things constitute equipment of such building. Where there is a water supply system the things mentioned might, as matter of fact, be all the equipment for supplying water necessary in the particular case. Where, however, there is no such system accessible, these things would be entirely inadequate for the purpose for which they were intended, unless there be a tank or reservoir to contain the water to be supplied. Such tank would be as much a part of the equipment as the pipes and other fixtures installed in the building. The tank, however, in turn would likewise be useless unless there was water available for use. The rule of necessary implication would authorize the impounding of water, where possible, or the sinking of a well or wells where necessary, to supply this indispensable water -- the very essence of the power.

No one would doubt that the installation of a system of gutters, pipes and cistern for conserving the rainfall upon the roof would be an "equipment" of the building. For precisely the same reasons the sinking of a well, and the installation of the necessary pump for elevating the water would be in every just sense a part of the equipment of a building for supplying water.

This reasoning is justified and even required by our rule of liberal construction of civil statutes, giving to such statutes a meaning, where possible, reasonably calculated to carry out the purposes thereof. (See Rev. Civ. Stat., Art. 10, Sub. 8).

Our definition of "equipment" finds direct support in the case of Jewett vs. School District (Wyo). 54 Pac. (2) 546, quoting from an earlier case by that court saying, "Power to erect a school house should ordinarily, doubtless, be held to include power to put into it the necessary equipment, such as desks, boards, etc., and heating plant. The term 'equipment' is broad and may include articles which are attached to the building as an integral part thereof, as well as articles not belonging to that category." That case construed the express power "to erect or enlarge a building" to include the implied power to construct necessary equipment for the building.

In the present case we are not driven to the doctrine of implied power, but we have express power to equip.

A storage tank owned and used by a refining company in connection with its business of refining oil has been held

to be an equipment even though the tank is actually constructed upon land not owned but leased by the oil company. Equitable Trust Co. vs. United States Oil & Refining Co., 35 Fed. (2) 508.

The direct question of whether or not a well to supply water is an equipment of the building in connection with which it is used, has not been often decided, but those cases in which the question has arisen are in line with the conclusion we have announced above.

The Kansas statutes authorize a school board to provide the necessary "appendages" for its school house. It was held in Schofield vs. School District (Kan.) 184 Pac. 480, that the word "appendages", as used in the statutes, should be construed broadly so as to include a well on the school premises. The court cites one of its prior decisions---Hemme vs. School District, (Kan) 1 Pac. 104. The particular well in controversy there proved to be a dry hole, but nevertheless, the contract by the board for sinking the well was held to be a valid exercise of the board's power.

It was held, also, in Neubauer vs. Union Township, 8 Ohio S & C Dec. 349, 7 A. L. R. p. 798 Anno., that a school board may authorize the local school director to make a contract for the sinking of a well, and that a contract entered into for this purpose with the director is binding on the board. The A. L. R. annotation also cites, State vs. Board of Education (NJL) 31 Atl. 1033, as holding, "the grading and fencing of a school lot, the furnishing of a supply of drinking water, and the equipping of the school house with school furniture are all a legitimate part of the construction of a school house, and the proper equipment of school property, and within a statute empowering a school district to issue bonds for the purpose of purchasing land and building a school house."

It was further been held that a line fence to separate school premises from those adjoining was a "necessary appendage to the school building." Creager v. Wright School District (Mich.) 28 N. W. 794. The same authority also holds that necessary outhouses are "appendages." There is no substantial difference in the meaning of the word "equipment" and the word "appendage", when used in such connection with respect to buildings.

A School building without a system of water supply is not equipped for the purpose for which it was built.

The foregoing discussion pertains to the uses to which the bond proceeds may be devoted, but we direct your attention to the statutory wording of the purposes for which bonds may

be issued, and advise that the pertinent language should be followed in submitting the proposition to the voters for adoption. In other words, it is advisable to conform to the statutes and thereby avoid any question as to the sufficiency of the purpose.

Upon these considerations we answer your inquiry as above indicated.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
Ocie Speer
Assistant

OS-MR-wc

APPROVED AUG 3, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman